UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )  CRIMINAL NO. 1:11-CR-644-LY<br>JIMMIE WALDEN  )<br>and  )<br>GENEVIEVE WALDEN,  )<br>Defendants.  ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### MOTION FOR DISMISSAL WITH PREJUDICE

The government opposes the Defendants' Motion for Dismissal with Prejudice [doc. 44] ("the Motion") and would respectfully show the Court the following.

As the sole basis for dismissing this case, the Motion refers to the Court's "lack of subject-matter jurisdiction, in accordance with the Settlement Agreement." (Motion [doc. 44] at 2.) The government has not entered into a settlement agreement with the Defendants. Rule 11 of the Rules of Criminal Procedure governs agreed resolutions of criminal cases, and nothing required by the rule has occurred in connection with this case. *See* Fed. R. Crim. P. 11(c).

The Motion's reference to a "settlement agreement" likely points to papers that the Defendants have served or attempted to serve on the government's undersigned attorney, as well as the Attorney General of the United States and the Internal Revenue Service, which refer to a "Private Administrative Proceeding" before either the "International Court of Adjudicators" or the "Court of International Claims." The government's attorney has been unable to find any evidence that the International Court of Adjudicators exists. A web site for the Court of International Claims appears on the Internet, and it features a set of court rules and statutes purportedly governing cases before the court. (*See* http://iaacourt.org/.) Aside from that web

site, however, the government's attorney has found no evidence that the Court of International Claims exists.

So far as the government's attorney understands the Defendants' papers, they seem to assert that the government's failure to respond to the papers will "constitute" certain "stipulations" by the government. And the purported "stipulations" appear designed to support the dismissal of this prosecution. The government has not responded to the papers served by the Defendants, and at present does not intend to respond to them, other than by way of this response to the Motion. But the government does not, by declining to respond to such papers, agree or stipulate to anything.

The Motion sets forth no colorable basis for dismissal of this case. Therefore, it is without merit and frivolous, and the government respectfully contends that the Court should summarily deny the Motion without a hearing.

        Respectfully submitted,

        ROBERT PITMAN
        UNITED STATES ATTORNEY

By:   /s Alan M. Buie
      ALAN M. BUIE
      Assistant United States Attorney
      816 Congress Avenue, Suite 1000
      Austin, Texas 78701
      Telephone: 512.916.5858
      Facsimile: 512.916.5854
      alan.buie@usdoj.gov

## **CERTIFICATE OF SERVICE**

On December 22, 2012, I filed the foregoing response, and caused a copy to be served on counsel of record for defendant Genevieve Walden, via the Court's Electronic Case File System. I caused a copy to be served on *pro se* defendant Jimmie Walden by United States mail at 427 St. Andrews Street, Meadowlakes, Texas 78654.

/s Alan M. Buie
ALAN M. BUIE
Assistant United States Attorney